Filed 1/28/21  P. v. Duque CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LESTER ALFREDO DUQUE,<br><br>        Defendant and Appellant. | A158604<br><br>(Contra Costa County<br>Super. Ct. No. 5-160789-4) |

Defendant Lester Alfredo Duque appeals from the trial court's denial of his resentencing petition brought under Penal Code section 1170.95.  The trial court denied the petition on the ground defendant, who had been convicted of voluntary manslaughter pursuant to a plea agreement, did not meet the prerequisite of currently being convicted of first or second degree murder.

On appeal, defendant contends section 1170.95[1] applies to petitioners like him who plead to manslaughter "in lieu of a trial at which the petitioner could be convicted for first or second degree murder," quoting section 1170.95, subdivision (a)(2).  We rejected this argument in *People v. Paige* (2020) 51 Cal.App.5th 194, 201–202 (*Paige*).  We decline defendant's invitation to depart from *Paige* and every other appellate decision that has reached the

_____

[1] All undesignated statutory references are to the Penal Code.

1

same conclusion. (See *id*. at p. 201 [noting "appellate courts have repeatedly rejected the argument" that section 1170.95 applies to defendants who were charged with murder and pleaded to voluntary manslaughter and cataloging cases].) Accordingly, we affirm.

## BACKGROUND

In May 2016, the Contra Costa County District Attorney charged defendant with murder (§ 187, subd. (a); count 1) with special allegations that he personally used a firearm (§ 12022.53, subd. (b)) and that he committed the offense while aiding and abetting a robbery and a burglary (§ 190.2, subd. (a)(17)). Defendant was also charged with attempted home invasion robbery (§§ 664, 211; count 2) and first degree residential burglary (§§ 459, 460, subd. (a); count 3) with a firearm enhancement (§§ 12022.53, subd. (b), 12022.5, subd. (a)) for both counts.

In November 2016, defendant reached a plea agreement under which he entered a plea of no contest to voluntary manslaughter (§ 192, subd. (a)) with a firearm enhancement (12022.5) and count 2 (attempted robbery with a firearm enhancement) with a maximum sentence of 25 years in prison, in exchange for dismissal of the remaining charges.

In May 2019, defendant filed a petition for resentencing under section 1170.95. Defendant asserted (1) he was charged with first or second degree murder and accepted a plea bargain for manslaughter in lieu of going to trial because he believed he could be convicted of murder under the felony murder rule or natural and probable consequences doctrine, and (2) he could not now be convicted of murder because of changes made to the law effective January 1, 2019.

The trial court denied the petition "[b]ecause the fact of a murder conviction is a pre-requisite to obtaining relief under the statute."

2

**DISCUSSION**

"[S]ection 1170.95, which became effective in January 2019, was adopted by the Legislature as part of the changes in the application of the felony murder and natural and probable consequences theories of murder liability contained in Senate Bill No. 1437. It entitles certain defendants to petition the superior court for resentencing. (Paige, *supra*, 51 Cal.App.5th at p. 197.)

Subdivision (a) of section 1170.95 provides: "(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial *or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder*.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (Italics added.)

Defendant argues the plain meaning of the portion of section 1170.95, subdivision (a)(2) (§ 1170.95(a)(2)), italicized above demonstrates the statute applies to persons who pleaded to manslaughter after having been charged with murder. As we explained in *Paige*, "read in the context of the statute as a whole, considering both its structure and its language, subdivision (a)(2) cannot reasonably be understood to encompass persons who accept a plea

3

offer in lieu of trial for a crime other than murder. The first paragraph of section 1170.95, subdivision (a) sets forth the basic 'who' and 'what' of the statute—who may seek relief and what they may seek. The 'who' is '[a] person *convicted of felony murder or murder under a natural and probable consequences theory*' . . . ." (51 Cal.App.5th at p. 202.) "Given the structure of the statute and the language in the first paragraph of section 1170.95, subdivision (a), the reference to a person who 'accepted a plea offer' in subdivision (a)(2) must necessarily mean a person who accepted a plea to, and was convicted of, first or second degree murder in lieu of a trial at which he could have been convicted of either of those charges." (*Ibid*.) We also relied on other language in the statute referring to the "murder conviction" and the legislative history demonstrating "the Legislature's focus on reforming liability for murder and not for any other crime." (*Id*. at pp. 202–203.)

Defendant forthrightly acknowledges that every published decision to consider this issue concurs with *Paige*'s holding that section 1170.95 does not apply to defendants who have entered pleas to voluntary manslaughter, but he advances his position because he believes it is correct and to preserve the issue for further review in the California Supreme Court. However, defendant's arguments—that our interpretation renders some of the language of section 1170.95(a)(2) surplusage, that a general provision is controlled by one that is special, that our interpretation is contrary to the purpose of the law, and that any ambiguity should be resolved in favor of criminal defendants—do not persuade us to deviate from *Paige*. We understand that defendant believes the reference to "a trial at which the petitioner could be convicted for . . . *second degree murder*" (italics added) in

4

section 1170.95(a)(2) is dispositive, but we stand by our construction based on our reading of the statute as a whole.

## DISPOSITION

The order denying defendant's petition under section 1170.95 is affirmed.

_____
Miller, J.

WE CONCUR:

_____
Kline, P.J.

_____
Stewart, J.

A158604, *People v. Duque*